IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA JACKSON, as Next Friend of     *
Minor Child, A.P.,

    Plaintiff,                  *

    v.                        *            Civ. No. JKB-26-00144

HOWARD COUNTY PUBLIC SCHOOLS   *
*et al.*,

    Defendants.             *

     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

On December 8, 2025, Plaintiff Sandra Jackson, appearing pro se, filed a Complaint against

Defendants Howard County Public Schools ("Board of Education" or "BOE"[1]) and Zum Services

Howard County, LLC ("Zum Services"), in the Circuit Court for Howard County, alleging

intentional infliction of emotional distress ("IIED"), discrimination, and invasion of privacy. (ECF

No. 1.) On January 14, 2026, Defendant BOE removed the action to this Court, invoking federal

question jurisdiction, with the consent of Defendant Zum Services. (*Id.*)

Now pending are Motions to Dismiss filed by Defendants Zum Services (ECF No. 9) and

BOE (ECF No. 10). Both Defendants argue that the Complaint fails to state a claim upon which

relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure. (ECF Nos. 9, 10.)

---

[1] Under Maryland law, Howard County Public Schools is not a legal entity subject to suit—the appropriate defendant to name was instead the Board of Education of Howard County. *See* Md. Code, Educ. § 3-104(b)(2) (county boards of education may sue and be sued); *James v. Frederick Cnty. Pub. Schs.*, 441 F. Supp. 2d 755, 758 (D. Md. Aug. 1, 2006) (Frederick County Public Schools was not a separate legal entity, and the Board of Education should have been named instead); *Adams v. Calvert Cnty. Pub. Schs.*, 201 F. Supp. 2d 516, 520 n.3 (D. Md. May 22, 2002) (school district or its public school system "does not exist as a separate entity for purposes of suit...."). Nevertheless, the Court declines to dismiss Plaintiff's claims against Defendant BOE on this basis alone because it would be inefficient to go through another round of briefing on the substantive arguments. *Accord James*, 441 F. Supp. 2d at 758.

The Motions have been briefed (*see* ECF Nos. 13, 15) and no hearing is required. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motions will be granted.

## I.    Background

Plaintiff is the parent of A.P., a minor child who is currently a fifth-grade student at Northfield Elementary School in Howard County, Maryland. (ECF No. 4 ¶¶ 1, 2, 7.) Defendant Zum Services operates Bus #233266 ("the bus"), which stops near Plaintiff's house and transports students to and from Northfield Elementary. (*Id.* ¶¶ 7–9.) Plaintiff alleges that on October 31, 2025, her daughter A.P. "experienced serious emotional distress due to her being denied the opportunity to ride" the bus home from school. (*Id.* ¶ 11.) "A.P. was denied the opportunity to ride [the bus] because she did not have an RFID 'bus card.'" (*Id.* ¶ 38.) On or about November 3, 2025, Plaintiff alleges that she wrote Defendant BOE and "request[ed] an exception to policy so that A.P. could ride [the bus] to and from Northfield Elementary School" (*id.* ¶ 12) (without an RFID card), but that request was denied (*id.* ¶ 13).

Plaintiff alleges that the denial was "arbitrary and capricious" (*id.* ¶ 14), that "Defendants engaged in extreme, outrageous, and intentional conduct directed toward Plaintiff and A.P." (*id.* ¶ 15), and that "Defendants either intended to cause emotional distress, or acted with reckless disregard of the likelihood that emotional harm would result" (*id.* ¶ 16). Plaintiff attests that "[a]s a direct and proximate result of Defendants' conduct, Plaintiff suffered severe mental and emotional distress and psychological effects, including but not limited to: stress, anxiety, shame, distraught, humiliation, sadness, feeling ostracized and excluded" (*id.* ¶ 18), and that "Plaintiff has incurred expenses for medical and/or psychological treatment and continues to experience ongoing emotional suffering" (*id.* ¶ 19).

The Complaint includes three counts: (1) for Intentional Infliction of Emotional Distress, (2) for "Discrimination in Provision of Student Transportation Services" in violation of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and/or the Maryland Human Rights Act, and (3) for "Invasion of Privacy (Intrusion Upon Seclusion)."

## II.    Legal Standards

### A.    Motions to Dismiss for Failure to State a Claim

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Viewed through that lens, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). However, a plaintiff need not include "detailed factual allegations," *Twombly*, 550 U.S. at 555, and federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those

3

allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### B.  Pleadings from Pro Se Plaintiffs

Courts must hold the pleadings of pro se plaintiffs to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Principles requiring generous construction of pro se complaints are not, however, without limits. . . . [They] do[] not require . . . courts to conjure up questions never squarely presented to them. District Judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "[A] dismissal must be ordered if the legal theories or factual allegations pleaded are 'clearly baseless.'" *Steele v. Motz*, No. 1:09-cv-792, 2009 WL 8131857, at *5 (D. Md. Nov. 19, 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

### III.  Analysis

Because Plaintiff is proceeding pro se, the Court will liberally construe her Complaint. Nevertheless, despite applying this less stringent standard, the Complaint does not state a plausible claim for relief and accordingly, it will be dismissed pursuant to Rule 12(b)(6).[2]

### A.  Intentional Infliction of Emotional Distress

"[I]n order to prevail on a claim for IIED, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2) her conduct was extreme and outrageous; (3) there was a causal connection between the defendant's wrongful conduct and the emotional distress suffered;

---

[2] The Court notes that Plaintiff's Response to Defendants' Motions (ECF No. 13) requests discovery on her claims and attaches a Rule 56(d) declaration. The Court denies this request, as it is procedurally improper. The Court's dismissal of Plaintiff's claims rests on its conclusion that even if all of the facts alleged in the Complaint were true, and all reasonable inferences that could be drawn from those facts were drawn, Plaintiff still would not be entitled to relief under the law. Pursuant to the binding precedent discussed above (*see* Section II.A. *supra*), Plaintiff is not entitled to discovery under these circumstances. The rule Plaintiff cites, Rule 56(d), prohibits a Court from granting *summary judgment* against a litigant "who shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify her opposition" without further discovery, but the Court is not granting summary judgment here.

4

and (4) the emotional distress was severe." *Greene v. United States*, No. 21-cv-978-ELH, 2022 WL 911204, at *11–12 (D. Md. Mar. 29, 2022) (citations omitted). "[T]o meet the first element[,] a plaintiff must offer evidence that 'the defendant either *desired* to inflict severe emotional distress, *knew* that such distress was *certain or substantially certain* to result from his conduct, or acted recklessly in deliberate disregard of a *high degree of probability* that the emotional distress will follow.'" *Gantt v. Sec., USA*, 356 F.3d 547, 552 (4th Cir. 2004) (quoting *Foor v. Juv. Servs. Admin.*, 552 A.2d 947, 959 (Md. Ct. Spec. App. 1989)). To satisfy the second element, "[t]he defendant's conduct must be so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community"—it "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Greene*, 2022 WL 911204, at *11–12 (citations omitted).

Plaintiff has not alleged facts sufficient to support a reasonable inference that the first or second elements of an IIED claim are satisfied. While the Complaint asserts that "Defendants either intended to cause emotional distress, or acted with reckless disregard of the likelihood that emotional harm would result," (ECF No. 4 ¶ 16), this is a legal conclusion that floats entirely free from any factual support, and the Court is left without a basis to conclude that it is plausible. Further, Defendants' alleged conduct itself does not rise to the level of the "extreme and outrageous" conduct made actionable under this tort. The Maryland Supreme Court has sustained claims for IIED in the following cases: *Faya v. Almaraz*, 620 A.2d 327 (Md. 1993) (HIV-positive surgeon operated on patients without disclosing his known disease); *Figueiredo-Torres v. Nickel*, 584 A.2d 69 (Md. 1991) (psychologist had sexual relations with plaintiff's wife while he acted as their marriage counselor); *B.N. v. K.K.*, 538 A.2d 1175 (Md. 1988) (physician with genital herpes had sexual relations with a nurse without disclosing his known disease, resulting in transmission);

5

and *Young v. Hartford Accident & Indemnity*, 492 A.2d 1270 (Md. 1985) (insurer required claimant to undergo a psychiatric evaluation for the purpose of forcing her to drop her insurance claim or commit suicide). Refusing to permit A.P. to use the bus "because she did not have an RFID 'bus card'" (ECF No. 4 ¶ 38)—is not comparable to this kind of conduct, and would not be even if it were plausibly alleged to have been motivated by discriminatory animus, which it was not (*see* Section III.B. below). Thus, Plaintiff's IIED claim will be dismissed.

### B.   Discrimination

Plaintiff alleges discrimination in violation of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and/or the Maryland Human Rights Act. (ECF No. 4 ¶ 30.)

Title VI of the Civil Rights Act of 1964 prohibits discrimination "on the ground of race, color, or national origin" "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[T]o survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Lucas v. VHC Health*, 128 F.4th 213, 221 (4th Cir. 2025) (citations omitted).

"Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is substantially the same." *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 336 n.1 (4th Cir. 2012) (internal quotation marks omitted). "To establish a violation of either statute, plaintiffs must prove (1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir.

6

2018). The two Acts "differ only with respect to the third element, causation. To succeed on a claim under the Rehabilitation Act, the plaintiff must establish he was excluded 'solely by reason of' his disability; [whereas] the ADA requires only that the disability was 'a motivating cause' of the exclusion." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461–62 (4th Cir. 2012) (quoting *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468–69 (4th Cir. 1999)).

Finally, under the Maryland Human Rights Act, "[a]n owner or operator of a place of public accommodation . . . may not refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, or privileges of the place of public accommodation because of the person's race, sex, age, color, creed, national origin, marital status, sexual orientation, gender identity, or disability." Md. Code, State Gov't § 20-304 *et seq.*

The primary reason why Plaintiff's discrimination claim fails against both Defendants, regardless of which of the above legal theories might undergird it, is that the Complaint fails to plausibly allege facts sufficient to support a reasonable inference that any of Defendants' conduct was taken "on the ground of," "on the basis of," or "because of" any of A.P.'s protected characteristics. First, Plaintiff's allegation that A.P. "is a member of a protected class based on race, color, national origin, disability, religion, or other protected basis" (ECF No. 4 ¶ 27) is a legal conclusion that requires the support of a specific factual claim as to *which* protected classes A.P. is a member of, and the Complaint contains no such assertions. But even if it did, Plaintiff fails to provide any other facts that could serve as a foundation for an inference that Defendants' conduct was motivated, in whole or in part, by discriminatory animus or by A.P.'s membership in such a group. This alone requires the Court to dismiss Plaintiff's discrimination claim entirely.

Further, though, additional independent reasons require dismissal under certain legal theories listed in Plaintiff's Complaint. For example, the Complaint fails to state a Title VI claim

against Defendant Zum because it fails to allege that Zum is a recipient of federal funds. Plaintiff alleges only that Zum provides services for the school district "under contract and therefore operates . . . as a recipient of government funds" (ECF No. 4 ¶ 26), but this contractual arrangement does not, on its face, render Defendant Zum a "program receiving federal financial assistance" under Title VI. *See* 28 C.F.R. § 42.102(d) (defining "program or activity" as it appears in the statute). In addition, Maryland law "does not give rise to a private right of action" for discrimination in places of public accommodation under the Maryland Human Rights Act. *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 407 (D. Md. 2022). "Rather, a person subject to discrimination in a place of public accommodation 'may file a complaint' with the Maryland Commission on Civil Rights ("MCCR"), and the MCCR may issue a complaint against the alleged perpetrator of discrimination 'on its own motion.'" *Id.* Thus, Plaintiff fails to state a claim under the Maryland Human Rights Act.

For all of these reasons, Plaintiff's discrimination claim will be dismissed.

### C. Invasion of Privacy

Finally, in Maryland, "the tort of intrusion on seclusion is defined as '[t]he intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person.'" *Whye v. Concentra Health Servs., Inc.*, 583 F. App'x 159, 161 (4th Cir. 2014) (quoting *Mitchell v. Balt. Sun Co.*, 883 A.2d 1008, 1022 (Md. Ct. Spec. App. 2005)). "[T]he gist of the offense is the intrusion into a private place or the invasion of a private seclusion that the plaintiff has thrown about his person or affairs." *Pemberton v. Bethlehem Steel Corp.*, 502 A.2d 1101, 1116 (Md. Ct. Spec. App. 1986). To prevail on this tort, "the intrusion must be something which would be offensive or objectionable to a reasonable man," and "the thing into which there is intrusion or prying must be, and be entitled to be, private." *Hollander v. Lubow*,

8

351 A.2d 421, 426 (Md. 1976) (internal quotation marks omitted), *superseded on other grounds as stated in, Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.*, 642 A.2d 219 (Md. 1994).

Plaintiff fails to state a claim for intrusion upon seclusion because she fails to plead any intrusion. The Complaint explains that A.P. did not possess or use an RFID bus card, which was required before a student could ride the bus. (ECF No. 4 ¶¶ 36, 38.) Thus, A.P. was not subjected to any of the data collection, tracking, or other surveillance that Plaintiff alleges is involved in the use of an RFID card. (*See id.* ¶¶ 37, 39.) Further, while the Court declines to decide the question here, it is nevertheless skeptical that the data collection practices involved in the RFID card system, as they are alleged in the Complaint, would be offensive or objectionable to a reasonable person, as is required under Maryland law. Thus, Plaintiff's invasion of privacy claim will be dismissed.

## IV.    Conclusion

For the reasons stated above,[3] it is hereby ORDERED that Defendants' Motions to Dismiss (ECF Nos. 9, 10) are GRANTED, and the case is DISMISSED. The Clerk is DIRECTED to CLOSE THIS CASE.

DATED this ___4___ day of March, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

---

[3] The Court declines to reach Defendant BOE's additional argument that the Complaint should be dismissed for failure to exhaust administrative remedies. (*See* ECF No. 10-2 at 3–5.)